**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>VANESSA ELIZABETH PALACIOS-CORTEZ,<br><br>Defendant - Appellant. | No. 14-10039<br><br>D.C. No. 4:13-cr-01386-CKJ<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Marvin E. Aspen, District Judge, Presiding[**]

Submitted March 10, 2015[***]

Before:     FARRIS, WARDLAW, and PAEZ, Circuit Judges.

Vanessa Elizabeth Palacios-Cortez appeals from the district court's

judgment and challenges the 65-month sentence imposed following her guilty-plea

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Marvin E. Aspen, Senior United States District Judge for the Northern District of Illinois, sitting by designation.

[***]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).  Accordingly, Palacios-Cortez's request for oral argument is denied.

conviction for possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(viii); and importation of methamphetamine, in violation of 21 U.S.C. §§ 952(a) and 960(a)(1), (b)(1)(H). We have jurisdiction under 21 U.S.C. § 1291, and we affirm.

Palacios-Cortez contends that the district court procedurally erred by failing to consider the 18 U.S.C. § 3553(a) sentencing factors and by failing to explain adequately the sentence imposed, including its reasons for rejecting her request for a downward variance. We disagree. The record reflects that the district court considered the statutory sentencing factors and Palacios-Cortez's arguments, and sufficiently explained the sentence. *See United States v. Carty*, 520 F.3d 984, 992-93 (9th Cir. 2008) (en banc).

Palacios-Cortez also contends that her sentence is substantively unreasonable in light of her personal circumstances and because the applicable Guidelines are arbitrarily harsh. The district court did not abuse its discretion in imposing Palacios-Cortez's sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The within-Guidelines sentence is substantively reasonable in light of the section 3553(a) sentencing factors and the totality of the circumstances, including the seriousness of the offense. *See Gall*, 552 U.S. at 51.

Palacios-Cortez's motion to remand for resentencing based on Amendment 782 to the Guidelines is denied. Any motion respecting the applicability of

14-10039

Amendment 782 should be brought in the sentencing court in the first instance. *See* 18 U.S.C. § 3582(c)(2).

**AFFIRMED.**